IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| John Irving Wheeler, | Civil Action No. 0:18-cv-2795-RMG |
| Petitioner, | |
| v. | **ORDER AND OPINION** |
| M. Travis Bragg; Director, Federal Bureau of Prisons, | |
| Respondents. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 11) recommending the Court dismiss Petitioner's Petition for a Writ of Habeas Corpus ("Petition"). For the reasons set forth below, the Court adopts the R & R as the order of the Court as amended, and the Petition is dismissed.

## I. Background

On October 15, 2018, Petitioner John Irving Wheeler filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] (Dkt. No. 1.) Petitioner's Petition seeks to challenge his conviction and sentence, arguing that the Federal Bureau of Prisons ("BOP") lacks jurisdiction to detain him, and that his conviction is void for vagueness. (Dkt. No. 1 at 5, 8.) The Magistrate Judge issued an R & R recommending dismissal of the Petition. (Dkt. No. 11.) Petitioner filed objections. (Dkt. No. 17.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v.*

---

[1] The R & R stated that the action was filed *in forma pauperis*. As noted in Petitioner's objections, this is incorrect, and Petitioner paid the filing fee. (Dkt. Nos. 6; 17 at 1.) Therefore, the R & R is amended solely to remove the reference to the action being filed *in forma pauperis*.

*Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Petitioner specifically objects to. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983)). Petitioner filed objections in this case, and the R & R is reviewed *de novo*.

### III. Discussion

As the Magistrate Judge correctly held, a petitioner cannot challenge his federal conviction and sentence through § 2241, unless he can meet the "savings clause" of § 2255 by showing that a motion is "inadequate or ineffective to test the legality of his detention." *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). The Fourth Circuit, in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), articulated a four part test for the § 2255 "savings clause." The test requires, in part, that the "substantive law changed and was deemed to apply retroactively" after a petitioner's appeal and § 2255 motion. *Id.* at 429. Petitioner does not attempt to meet this test here, and instead challenges his federal conviction and sentence by arguing that his conviction is void for vagueness and that the BOP lacks jurisdiction to detain him. (Dkt. No. 1.) Petitioner's objections do not address any of these issues, and again contends that that the BOP lacks jurisdiction to detain him. (Dkt. No. 17.) Petitioner fails to identify any alleged change in law. Therefore, as the Magistrate

Judge correctly held, Petitioner cannot challenge his conviction and sentence through his § 2241 Petition, and he cannot meet the savings clause of § 2255. Therefore, his Petition is dismissed.

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 11) is **ADOPTED** as the order of the Court, as amended,[2] and Petitioner's Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner is seeking to challenge his federal conviction and sentence through his § 2241 Petition and cannot meet the savings clause of §2255. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 14, 2019
Charleston, South Carolina

---

[2] The R & R is amended solely to remove reference to the Petition being filed *in forma pauperis*.